UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO CELAYA,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA<br><br>    Respondent. | Case No.: 17CV552 JAH (BGS)<br><br>**AMENDED ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |

**INTRODUCTION**

Petitioner, Marco Celaya ("Petitioner"), a state prisoner proceeding through counsel, filed a petition for writ of habeas corpus ("petition") pursuant to Title 28, United States Code, Section 2254, challenging his conviction in state court following his guilty plea. Respondent filed a motion to dismiss. The Honorable Bernard G. Skomal, United States Magistrate Judge, issued a Report and Recommendation ("report") recommending this Court grant the motion to dismiss the petition. Petitioner filed objections to the report. After

1

careful consideration of the entire record in this matter, and for the reasons set forth below, this Court **OVERRULES** Petitioner's objections; **ADOPTS** Judge Skomal's Report; **GRANTS** Respondent's motion to dismiss; and **DISMISSES** the Petition for writ of habeas corpus as untimely and procedurally barred.

## BACKGROUND[1]

On or about June 29, 2013, Petitioner was arrested. Lodg. at Ex. 7-3 at 2. On July 2, 2013, Petitioner was arraigned on the following counts for a violation of: (1) Penal Code ("PC") § 273a(a), child abuse/endangerment, (2) California Vehicle Code ("VC") § 23152(a), driving under the influence of alcohol/drugs, a misdemeanor, and (3) VC § 23152(b) driving while having a measurable blood alcohol level of .08% or more, a misdemeanor. *Id*. The Petitioner plead guilty to Counts 1 and 2 and the Superior Court dismissed Count 3. Petitioner was sentenced on July 15, 2013. Lodg. at Ex. 7-2 at 4-5. Because Petitioner did not file an appeal, his conviction became final on September 13, 2013. Doc. 6-1 at 6.

Petitioner filed his first writ of habeas corpus in the Superior Court of San Diego, Central Division on June 3, 2014. Lodg. at Ex. 7-3 at 1. The court denied the petition on July 28, 2014. Lodg. at Ex. 7-4 at 4. Petitioner filed a writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One on August 26, 2016. Lodg. at Ex. 7-5 at 20. On September 7, 2016, the court denied the second petition. Lodg. at Ex. 7-6 at 1. Petitioner also filed a petition for writ of habeas corpus with the Supreme Court of California where the Court denied Petitioner's request with no comment. Lodg. at Ex. 7-10 at 1.

Petitioner filed the instant petition on March 20, 2017, asserting his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, § 15 of the California Constitution was violated because he plead guilty without

---

[1] The underlying facts set forth in the report are adopted *in toto* and referenced as if fully set forth herein. This Court provides only a brief procedural background.

2

prior knowledge of the consequences of his plea and was, therefore, prejudiced. Doc. No. 1.

Respondents filed a motion to dismiss on June 6, 2017, on the grounds that the petition is untimely and is procedurally barred. Doc. No. 6. Petitioner filed an opposition to Respondent's motion to dismiss on August 15, 2017. Doc. No. 10. On February 28, 2018, Judge Skomal filed a Report and Recommendation. Doc. No. 11. Petitioner filed objections to the report on March 15, 2018. Doc. No. 12. Respondent did not file a reply.

## DISCUSSION

### I. Standard of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Pursuant to this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 153 (1985).

### II. Analysis

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations period for the filing of federal habeas corpus petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitations period applies not only to petitions challenging a state court judgment, but also to administrative decisions. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Under 28 U.S.C. § 2244(d)(1)(A), a Petitioner must file the federal petition within one year from the date of conviction, the Petitioner may be permitted to file on a later date depending on the circumstances. § 2244(d)(1)(B-D); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

Although AEDPA requires a state prisoner seeking federal habeas relief to file his petition within one year after his state conviction becomes final, it excludes from that period the time during which an application for state collateral review is pending. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214 (2002). However, no tolling occurs when the state habeas petition is filed after the one-year statutory period has expired. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Equitable tolling is generally appropriate where a Petitioner demonstrates two elements: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878, 121 S. Ct. 188, 148 L.E.2d 130 (2000)). Additionally, a prisoner must show that the extraordinary circumstances were the but-for and proximate causes of his untimeliness. *See Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).

In the instant case, Respondents move to dismiss the petition on the grounds that the petition was untimely filed. Doc. No. 6. Respondent argues the limitation period lapsed after the Superior Court denied relief in 2014, and Petitioner is not entitled to a later start date. *Id*. at 6, 7. Respondent contends Petitioner knew or could have known of the factual basis for his plea before his conviction became final and, therefore, the limitations period began running on the day the judgment became final.

Petitioner asserts that he did not have knowledge of the immigration consequences of pleading guilty and he is entitled to a later start date because he acted diligently under the circumstances. Doc. 10 at 4. Specifically, Petitioner maintains he "acted with diligence of a man who relied on his prior counsel, and thus had no reason to believe his guilty plea of child-endangerment was a mandatory-removal offense." *Id*. at 3.

In the report, Judge Skomal found, even if Petitioner was entitled to a later start date and with the benefit of statutory tolling while his petition was pending before the Superior

4

Court, the limitations period ended on July 28, 2015. Judge Skomal also noted that Petitioner failed to "assert any basis for equitable tolling in his petition or in his Opposition to the Motion to Dismiss," and concluded that Petitioner failed to demonstrate diligence and makes no showing of any extraordinary circumstance that prevented Petitioner from pursuing his rights. Report at 12. Judge Skomal determined the federal petition filed more than a year and a half after the expiration of the limitations period should be dismissed as untimely.

In his objections, Petitioner includes a new argument that he is entitled to statutory tolling for the time his applications for collateral review remained "pending" while he waited for a final order of deportation. This Court's own research found no law supporting Petitioner's argument.

Petitioner also objects to Judge Skomal's finding as to a later start date for the limitations period. He disagrees with the finding and reasserts the arguments made in his opposition to the motion to dismiss. This Court conducted a *de novo* review, and agrees with Judge Skomal's finding that, even if Petitioner is entitled to a later start date, it is at the latest June 4, 2014, when Petitioner knew he was removable based on his conviction and charged with being ineligible for cancellation of removal. As noted by Judge Skomal, Petitioner need not be removed or have the order denying cancellation of removal in hand before demonstrating prejudice. "[H]e only needed to know the facts suggesting that 'but for [his trial] counsel's errors he would not have pleaded guilty and would have insisted on going to trial' or demanded a better deal." Report at 14 (Citing *Lee v. U.S.*, 137 S. Ct. 1958, 1965 (2017)). Petitioner was aware of the facts suggesting he would not have pleaded guilty no later than June 4, 2014, when he knew he was removable based on his conviction. The Court overrules Petitioner's objections and finds the petition untimely.

### B. Procedural Bar

Respondent argues Petitioner is procedurally barred from receiving relief because the Court of Appeal found his claims barred by three separate independent and adequate procedural rules, (1) as untimely, (2) forfeited by failing to raise the claims in trial court,

5

and (3) not cognizable for failing to obtain the required certificate of probable cause. Doc. No. 6. Petitioner argues that he is not procedurally barred because his writ of habeas corpus was not untimely, he did not have sufficient knowledge of necessary information to withdraw his guilty plea for good cause, he is excused from obtaining a certificate of probable cause, and will suffer a fundamental miscarriage of justice if review is denied. Doc. No. 12.

Judge Skomal found both California's timeliness rule and the required certificate of probable cause under California Penal Code § 1237.5 independent and adequate bars and that Petitioner fails to demonstrate cause for his default. With regard to Respondent's argument that the state court's finding that Petitioner forfeited his claim by failing to withdraw his plea before the trial court, Judge Skomal found Respondent fails to meet his burden to demonstrate it is an adequate bar. Citing *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), Judge Skomal determined Petitioner does not show the failure to consider his claims will result in a miscarriage of justice to overcome the default and recommends the Court dismiss the petition as procedurally barred.

In his objections, Petitioner reiterates the same arguments he made in response to the motion to dismiss as to California's timeliness rule, the assertion he forfeited his claim by failing to withdraw his plea, and his failure to obtain a certificate of probable cause. The Court conducted a *de novo* review and adopts Judge Skomal's findings and analysis as to those issues.

Petitioner also objects to Judge Skomal's finding that he does not show failure to consider his claims will result in a fundamental miscarriage of justice. He argues he demonstrates a fundamental miscarriage of justice because he will be deprived of the opportunity to defend his rights and maintains there is more to consider than just whether he would be successful at trial. Petitioner fails to cite to any authority to support his argument. As noted by Judge Skomal, demonstrating a miscarriage of justice to overcome procedural default involves "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Smith*, 510 F.3d at 1139

6

(quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L.Ed.2d 517 (1991). A petitioner "must show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." *Id*. This Court agrees with Judge Skomal that Petitioner fails to show a fundamental miscarriage of justice will result if the Court does not consider his claims.

This Court overrules Petitioner's objections and adopts Judge Skomal's findings and conclusion.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the report, the Court finds no issues are debatable among jurists of reason. This Court further finds no issues could be resolved in a different manner. Lastly, this Court finds no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court DENIES Petitioner a certificate of appealability.

### CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS:

(1) Petitioner's objections to the Magistrate Judge's report and recommendations are **OVERRULED**;

(2) The Magistrate Judge's report and recommendation is **ADOPTED**;

(3) Respondent's motion to dismiss the petition as untimely and procedurally barred is **GRANTED**;

(4) The instant petition is **DISMISSED WITH PREJUDICE**;

(5) Petitioner is **DENIED** a certificate of appealability.

DATED: July 5, 2018

_____
JOHN A. HOUSTON
United States District Judge